UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>  Plaintiff,<br><br>  v.<br><br>CDCR, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-02341-TLN-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS AND PARTIES, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that defendants violated his rights under the Americans with Disabilities Act, Eighth Amendment, and the Fourteenth Amendment by failing, in various ways, to protect him from Covid-19 and to treat him once he contracted the virus. ECF No. 1-1 at 18-21. This suit was originally filed in California state court and removed by defendant California Department of Corrections and Rehabilitation ("CDCR"). I have screened the complaint and determined that the complaint contains multiple, unrelated claims against more

1

than one defendant.[1]  I will grant plaintiff an opportunity to amend and narrow his claims before recommending dismissal of claims or parties.

## Screening Order

### I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

---

[1] My obligation to screen the complaint still adheres where a complaint is filed in and then removed from state court.  *See*, *e.g.*, *Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC-P, 2017 U.S. Dist. LEXIS 176242, *3 (E.D. Cal. Oct. 2017) ("The screening obligation applies where a complaint is removed from state court.").  The Federal Rules of Civil Procedure also apply once an action is removed.  Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.  Analysis**

Plaintiff raises several unrelated allegations against CDCR and various "Doe" defendants at the California Treatment Facility.  ECF No. 1-1 at 5.  First, he alleges that they violated his rights under the Americans with Disabilities Act by failing to provide him with a mask that would not "fog" and obscure his eyeglasses. *Id.* at 18.  Second, he claims that, once he contracted Covid-19, he was not provided with sufficient treatment to alleviate his symptoms. *Id.* at 19-20.  Third, he alleges that defendants failed to take precautionary measures to stop the spread of Covid-19 at the prison. *Id.* at 20.  Specifically, plaintiff takes issue with defendants' alleged failure to promote social distancing in the facility showers. *Id.* at 20-21.  These three claims are insufficiently related to proceed together.  Whether defendants violated plaintiff's rights by failing to give him a mask that would not obscure his glasses is unrelated to the question of whether there was adequate separation for showering inmates.  The first claim is focused on the narrow issue of whether the ADA entitles him to a certain type of mask.  The second is a broader claim about how defendants organized their prison-wide response to the pandemic.  The claims invoke different factual and legal questions and litigating them jointly is untenable.  The same is true of plaintiff's claim about the inadequate healthcare he allegedly received.  Those allegations will necessarily focus on specific medical questions that do not inform the other claims.  The bottom line is that multiple, unrelated claims against more than one defendant belong in separate lawsuits. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff is also advised that he may not bring claims for money damages, as he attempts to do, against CDCR itself. *See Brown v. California Dept. Of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  Further, I cannot serve any "Doe" defendant until he or she is identified.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that claims or parties be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that claims or parties be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE