UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendant. | Case No. 2:21-cv-02341-TLN-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SCREENING AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF Nos. 9 & 10<br><br>SCREENING ORDER THAT PLAINTIFF'S FIRST AMENDED COMPLAINT STATES VIABLE ADA AND REHABILITATION ACT CLAIMS AGAINST THE DEFENDANT<br><br>ECF No. 8<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff, a state prisoner, brought this action in state court alleging that defendant California Department of Corrections and Rehabilitation ("CDCR") violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act when they failed to provide him with an adjustable N95 mask that would not fog his prescription eyeglasses. Defendant removed the action to this court. These allegations, as currently articulated, state viable claims under the ADA and Rehabilitation Act. I will grant defendant's request for screening, ECF No. 9. I will also deny plaintiff's motion for appointment of counsel, ECF No. 10, without prejudice.

**Screening Order**

1

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, when CDCR distributed N95 respirators, they failed to provide him one with an adjustable nose clip that would prevent the mask from fogging his prescription eyeglasses. ECF No. 8 at 3. He alleges that this failure ultimately caused him to contract Covid-19 because he could not wear his mask properly. *Id.* Plaintiff contends that these are violations

of Title II of the ADA and the Rehabilitation Act.  Taken as true, these allegations state cognizable claims under both acts.

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show that: (1) he is a "qualified individual with a disability"; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").  Here, plaintiff has alleged that he has a disability and that he was effectively excluded from CDCR's provision of N95 respirators because, absent an adjustable nose bridge, he could not wear one.  Plaintiff's allegations are also sufficient, at this point, to show discrimination by reason of disability.  *See Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996) (noting that disability discrimination may arise not only from discriminatory animus, but also "thoughtlessness," "indifference," or "benign neglect").

The same analysis weighs in favor of permitting his Rehabilitation Act claims to proceed beyond screening.  *See Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997) ("[U]nder Section 504 of the Rehabilitation Act, a plaintiff must show: (1) he is an "individual with a disability";  (2) he is "otherwise qualified" to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.").

Although I will permit plaintiff's claims to proceed beyond screening, I will deny plaintiff's motion to appoint counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  I may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person

unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not exceptionally complicated and plaintiff has, thus far, demonstrated an ability to articulate and present his own claims.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, defendant must respond to plaintiff's first amended complaint.

2.  Defendant's motion for screening, ECF No. 9, is GRANTED.

3. Plaintiff's motion to appoint counsel, ECF No. 10, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:     November 3, 2022                         _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE