UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　　Defendant. | Case No.  2:21-cv-2341-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff brings this case alleging that defendant violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act when, in 2020, it failed to provide him with an adjustable N95 mask that would not cause his glasses to fog.  ECF No. 8 at 3.  He claims that he contracted Covid-19 because he did not have a mask that he was able to wear effectively.  *Id.*  Now, defendant has moved for summary judgment, arguing that his claims under both acts fail as a matter of law.  For the reasons stated below, I agree and recommend that its motion for summary judgment, ECF No. 22, be granted.

<u>Legal Standards</u>

　　　　Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

1

only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than

1   the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
2   U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
3   issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
4   require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
5   *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

6         The court must apply standards consistent with Rule 56 to determine whether the moving
7   party has demonstrated there to be no genuine issue of material fact and that judgment is
8   appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
9   "[A] court ruling on a motion for summary judgment may not engage in credibility
10  determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
11  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
12  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
13  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
14  198 F.3d 1130, 1134 (9th Cir. 2000).

15  Analysis

16        Plaintiff alleges that defendant violated his rights under the ADA and Rehabilitation Act
17  by failing to provide him with an adjustable N95 mask that could be worn without fogging his
18  eyeglasses.  ECF No. 8 at 3.  Under both acts, a claimant must prove that (1) he is a "qualified
19  individual with a disability"; (2) he is otherwise qualified to participate in the services, programs,
20  or activities  offered by the public entity, (3) he was excluded from participation in or denied the
21  benefits of a public entity's services, programs, or activities, or was otherwise discriminated
22  against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by
23  reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see*
24  *also Coons v. Sec'y of the United States Dep't of the Treasury*, 383 F.3d 879, 884 (9th Cir. 2004)
25  ("The standards used to determine whether an act of discrimination violated the Rehabilitation
26  Act are the same standards applied under the Americans with Disabilities Act . . . .").

27        Defendant raises several arguments, but the most persuasive is that plaintiff cannot meet
28  the fourth factor: that he was denied a mask by reason of his disability.  The Ninth Circuit has

held that a claimant must show that discrimination based on his disability was a "motivating factor" underlying the challenged decision. *Estate of Martin v. Cal. VA*, 560 F.3d 1042, 1048 (9th Cir. 2009). It need not be the sole or predominant factor. *Id.* ("That is, if the evidence could support a finding that there is more than one reason for an allegedly discriminatory decision, a plaintiff need show only that discrimination on the basis of disability was a 'motivating factor' for the decision."). Here, defendant argues that the decision not to allocate to plaintiff the type of mask he desired was based on non-discriminatory reasons.

First, in 2020, when the pandemic was at an early stage, such masks were a limited and coveted resource, which were distributed cautiously. ECF No. 22-1 at 3, 20. At the time plaintiff requested the N95 mask, in early 2020, CDCR policy recommended distributing such masks to "staff accompanying individuals with respiratory symptoms in a transportation vehicle" and "a staff person present during 'aerosol producing procedures' on suspect or confirmed COVID-19 cases such as COVID-19 testing, CPR, etc. or providing high-contact patient care such as bathing someone confirmed to have COVID-19." *Id.* at 48.

Second, evidence shows that the CDCR was not aware of plaintiff's disability. He was never assigned a vision disability code. ECF No. 22-2 at 3. His vision, with the aid of corrective lenses, was not impaired. *Id.* at 4. And, in responding to plaintiff's reasonable accommodation request for an adjustable mask, prison officials provided him with a nurse consult during which he was shown how to wear a mask, create a seal, and reduce fogging. *Id.* at 2-3. That response was deemed sufficient because plaintiff's request for accommodation did not raise a concern about an increased likelihood of contracting Covid-19, it raised only the issue of inconvenient fogging. *Id.* at 3, 7.

For his part, plaintiff argues that defendant was "on notice" of the issue and that prison officials knew that the advice provided by the nurse consult would be ineffective in solving the problem. ECF No. 29 at 7. He also claims that masks like the one he requested were distributed to other inmates at the prison on May 4, 2020. *Id.* at 8. These arguments are unpersuasive. Defendant has not pointed to any evidence, other than his own grievance submitted after the fact, *id.* at 7, ECF No. 29-2 at 25-26, that prison officials knew the nurse consult would be ineffective

4

in resolving the fogging issue. Neither has plaintiff provided any evidence supporting his claim that 15,000 masks of the type he sought were distributed to other inmates on May 4, 2020. In a response to an interrogatory, defendant indicated that it distributed that number of "earloop masks" on that day, *id.* at 49, but there is no evidence that these masks were N95 or equipped with an adjustable nose bridge. To the contrary, the declaration of R. Anderson, a physician at the prison, indicates that, in May 2020, it was not policy to distribute N95, KN95, or masks with an adjustable nose strip to all inmates. ECF No. 22-3 at 3. Similarly, the declaration of S. Posson, the chief medical executive at the prison, states that, between March and December 2020, neither N95 nor KN95 masks were distributed to the entire inmate population. ECF No. 22-1 at 3.

There is no evidence in the record indicating that the decision to deny plaintiff a mask with an adjustable nose bridge was motivated by discrimination by reason of his disability. Rather, the evidence conclusively shows that the decision was motivated by limitations in the supply of protective equipment that were widespread in the early days and months of the global coronavirus pandemic. Defendant's motion for summary judgment should be granted on that basis. I find it unnecessary to consider defendant's other arguments or to grant its motion to amend the answer.

## Conclusion

Based on the foregoing, I RECOMMEND that defendant's motion for summary judgment, ECF No. 22, be GRANTED and judgment be entered in their favor. If these recommendations are adopted, I also recommend that defendant's motion to amend the answer, ECF No. 30, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE